UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JANE DOE,

       **Plaintiff,**

   v.

**SKYLINE AUTOMOTIVE INC.**, individually and D/B/A/ **TOYOTA OF MANHATTAN, SKYLINE AUTOMOBILES INC.**, individually and D/B/A/ **TOYOTA OF MANHATTAN, TOYOTA MOTOR NORTH AMERICA, INC., FREDDY VELEZ**, individually, **KEVIN PRIMUS**, individually, **ANTHONY NAMIAS**, individually,

       **Defendants.**
------------------------------------------------------------------- x

**Docket No. 18-CV-4418**

## DEFENDANT PRIMUS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

                RESPECTFULLY SUBMITTED,

                WILSON, ELSER, MOSKOWITZ,
                EDELMAN & DICKER LLP
                **Attorneys for Defendant**
                **Kevin Primus**
                **150 East 42nd Street**
                **New York, New York 10017-5639**
                **(212) 490-3000**
                **File No.: 14089.00103**

**COUNSEL:**    **ALEXANDRA C. MANFREDI**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    POINT I    PLAINTIFF FAILED TO ESTABLISH THAT HER INTEREST IN ANONYNMITY OUTWEIGHS THE PREJUDICE TO DEFENDANT PRIMUS AND THE PUBLIC'S INTEREST IN DISCLOSURE .............. 2

        A.    Allegations of Sexual Assault, Without More, Are Insufficient to Establish that the Matter is Highly Sensitive and of Personal Nature so as to Require Anonymity (*Sealed Plaintiff* Factor 1) ...................................... 2

        B.    Identification of Plaintiff Will Not Result in Harm (*Sealed Plaintiff* Factors 2 – 4) ....................................................................................... 3

        C.    Plaintiff's Suit Challenges the Actions of Defendant Primus, an Individual with a Significant Interest in Protecting His Reputation (*Sealed Plaintiff* Factor 5) ......................................................................................... 4

        D.    Defendant Primus Will Be Prejudiced By Plaintiff Proceeding Anonymously (*Sealed Plaintiff* Factor 6) .................................................. 5

        E.    Plaintiff's Identity is Known and Discernable (*Sealed Plaintiff* Factor 7) . 6

        F.    Public Interest Weighs in Favor of Disclosure of Plaintiff's Identity and her Complaint Implicates Litigant-Specific Fact Findings (*Sealed Plaintiff* Factors 8 – 9) ............................................................................... 8

        G.    Alternative Mechanisms for Protecting Plaintiff's Confidentiality Exist (*Sealed Plaintiff* Factor 10) ........................................................................ 8

CONCLUSION ............................................................................................................................... 9

Case 1:18-cv-04418-ALC-BCM   Document 48   Filed 09/11/18   Page 3 of 13

# **TABLE OF AUTHORITIES**

**Page(s)**

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.B. v. C.D.*,
  No. 17-cv-5840 (DRH) (AYS), 2018 WL 1935999 ................................................................. 4

*Abdel Razeq v. Alvarez & Marsal, Inc.*,
  No. 14-cv- 5601 (HBP), 2015 WL 7017431 (S.D.N.Y. Nov. 12, 2015) ................................... 2

*Andersen v. N. Shore Long Island Jewish Healthcare System's Zucker Hillside Hosp.*,
  No. 12-CV-1049 (JFB)(ETB), 2013 WL 784344 (E.D.N.Y. Mar. 1, 2013) ............................. 3

*Anonymous v. Medco Health Solutions, Inc.*,
  588 F. App'x 34 (2d Cir. 2014) ................................................................................................ 9

*Anonymous v. Simon*,
  No. 13-cv-2927 (RWS), 2014 WL 819122 (S.D.N.Y. Feb. 25, 2014) ..................................... 5

*Corley v. Vance*,
  No. 15-cv-1800, 2015 WL 4164377 (S.D.N.Y. June 22, 2015) ............................................... 7

*Doe v. Bausch & Lomb, Inc.*,
  No. 18-cv-00352 (VLB), 2018 WL 2248418 (D. Conn. May 16, 2018).................................. 8

*Doe v. Del Rio*,
  241 F.R.D. 154 (S.D.N.Y. 2006) ...................................................................................... 3, 6, 7

*Doe v. Delta Airlines, Inc.*,
  310 F.R.D. 222 (S.D.N.Y. 2015) ...................................................................................... 3, 5, 6

*Doe v. Fedcap Rehab. Servs.*,
  No. 17-CV-8220 (JPO), 2018 WL 2021588 (S.D.N.Y. Apr. 27, 2018) ............................... 6, 7

*Doe v. Nat'l Conference of Bar Exam'rs*,
  No. 16-cv-264 (PKC), 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) (E.D.N.Y. Jan. 6, 2017) ....... 7

*Doe v. Shakur*,
  164 F.R.D. 359 (S.D.N.Y. 1996) .......................................................................................... 3, 5

*Doe v. United States Merch. Marine Acad.*,
  No. 18-CV-1870 (JFB)(AKT), 2018 U.S. Dist. LEXIS 67113 (E.D.N.Y. Apr. 20, 2018) ........ 4

*Doe v. United States*,
  No. 16-cv-7256 (JGK), 2017 WL 2389701 (S.D.N.Y. June 1, 2017) .................................. 3, 9

*Michael v. Bloomberg L.P.*,
   No. 14-cv-2657 (TPG), 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015) ................................... 3, 8

*N. Jersey Media Group, Inc. v. Doe*,
   No. 12-cv-6152 (VM) (KNF), 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012) ....................... 4, 8

*Richmond Newspapers, Inc. v. Virginia*,
   448 U.S. 555 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) ............................................................ 6

*Rothman v. Gregor*,
   220 F.3d 81 (2d Cir. 2000) ....................................................................................................... 7

*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d 185 (2d Cir. 2008) ............................................................................................ 2, 3, 4

## **PRELIMINARY STATEMENT**

Defendant Kevin Primus respectfully submits this memorandum of law in opposition to plaintiff's motion to proceed anonymously. This is an alleged sexual harassment and retaliation in employment case filed against multiple publicly named individuals and entities. Plaintiff first brought the *identical* claims of alleged wrongdoing by means of a detailed Verified Complaint that she publicly filed with two government agencies and whose language she lifted and now uses for the instant Complaint. In those filings, plaintiff had no hesitation setting forth her identity. *See* Certification of Michael J. Dee in Opposition to Plaintiff's Motion to Proceed Anonymously ("Dee Cert.") *and* all exhibits annexed thereto, Dkt. No. 47.

Now, however, plaintiff reverses course and effectively claims that she should be able to destroy defendant Primus' reputation with allegations of sexual harassment while operating under the cover of anonymity, using a Jane Doe moniker. Defendant Primus intends to vigorously defend against these allegations that seek to tarnish his reputation. Plaintiff should not be able to make these claims in secret, especially after she first made them in public. Plaintiff's approach is neither fair nor supported by the law.

In support of her motion, plaintiff proffers nothing more than vague, generalized concerns shared by all plaintiffs suing a former employer and alleged harassers for claims sounding in harassment, retaliation, and tort, many of whom do not proceed anonymously in this Court. Plaintiff has not and cannot establish any basis for proceeding anonymously in this action, because: **(A)** plaintiff's allegations of sexual assault, without more, fail to establish that the matter is "highly sensitive" or of "personal nature"; **(B)** identification of plaintiff will not result in any retaliation or injury; **(C)** plaintiff's suit challenges the actions of private parties and individual defendant Primus, who has a significant interest in protecting his personal and professional reputation; **(D)** defendant

1

Primus will be prejudiced by plaintiff's anonymity in this action; **(E)** plaintiff's identity not only is known and discernable, but *already made known by her own actions*; **(F)** public interest weighs in favor of disclosure and this action implicates litigant-specific factual disputes; and, **(G)** alternative mechanisms exist to address plaintiff's supposed confidentiality concerns. Accordingly, it is respectfully requested that this Court deny plaintiff's motion in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO ESTABLISH THAT HER INTEREST IN ANONYNMITY OUTWEIGHS THE PREJUDICE TO DEFENDANT PRIMUS AND THE PUBLIC'S INTEREST IN DISCLOSURE

Plaintiff was required and failed to establish that her interest in proceeding anonymously in this action outweighs: (i) the resultant prejudice to defendant Primus should the Court allow her anonymity; and, (ii) the public's interest in disclosure in an action amongst private parties implicating litigant-specific factual queries. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008) (setting forth a non-exhaustive list of ten factors to be considered when determining whether to allow a plaintiff to proceed anonymously). Plaintiff's failure is easily explained. <u>All</u> of the *Sealed Plaintiff* factors weigh in favor of plaintiff proceeding in this action by name and require the denial of plaintiff's instant motion.

**A.    Allegations of Sexual Assault, Without More, Are Insufficient to Establish that the Matter is Highly Sensitive and of Personal Nature so as to Require Anonymity (*Sealed Plaintiff* Factor 1)**

While allegations of sexual assault are without question sensitive and personal in nature, plaintiff's assertion that she should be provided anonymity simply because her Complaint proffers claims of sexual assault fails as a matter of law. Allegations of sexual assault, without more, have routinely been held to be insufficient to allow a plaintiff to proceed anonymously. *See Abdel Razeq*

2

*v. Alvarez & Marsal, Inc.*, No. 14-cv-5601 (HBP), 2015 WL 7017431 (S.D.N.Y. Nov. 12, 2015) (denying request for anonymity in sexual harassment case where, *inter alia*, factor one of the *Sealed Plaintiff* analysis weighed in favor of disclosure); *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 223 (S.D.N.Y. 2015) (denying motion to proceed anonymously where claims sounded in battery and negligence); *Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006) (denying anonymity request where plaintiff proffered sexual assault claims and noting that "the actions alleged here are no more intimate than those alleged in hundreds of sexual harassment cases that are prosecuted openly in the victims' names every day in our courts"); *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) (denying plaintiff's anonymity request where allegations pertained to "brutal sexual assault" against an individual defendant).

**B.     Identification of Plaintiff Will Not Result in Harm (*Sealed Plaintiff* Factors 2 – 4)**

In support of her anonymity request, plaintiff proffers nothing more than speculative claims that "revealing her true identity would only add to her emotional distress" and that she will be "further victimize[d]" if "all of her colleagues and acquaintances to know that she was so badly sexually abused." Plaintiff has not and cannot identify, let alone provide, <u>any</u> evidence that such harm will result should she proceed by name in this action. Plaintiff's speculative claims as to prospective emotional distress and retaliation by defendant Primus are insufficient to support her request as a matter of law. *See Michael v. Bloomberg L.P.*, No. 14-cv-2657 (TPG), 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015) (holding that plaintiff's speculative claims of future non-physical/mental harm were insufficient to allow anonymity); *Doe v. United States*, No. 16-cv-7256 (JGK), 2017 WL 2389701 (S.D.N.Y. June 1, 2017) (denying motion and holding that "permitting the plaintiff to proceed anonymously would do nothing to protect him from future retaliatory actions because the [defendant] is already aware of the plaintiff's identity."); *Andersen v. N. Shore*

3

*Long Island Jewish Healthcare System's Zucker Hillside Hosp.*, No. 12-cv-1049 (JFB)(ETB), 2013 WL 784344, at *4 (E.D.N.Y. Mar. 1, 2013) (generalized, unsubstantiated fears of retaliation held insufficient to allow plaintiff to proceed anonymously).

C.  **Plaintiff's Suit Challenges the Actions of Defendant Primus, an Individual with a Significant Interest in Protecting His Reputation (*Sealed Plaintiff* Factor 5)**

Plaintiff failed to address the fifth factor of the *Sealed Plaintiff* analysis instead claiming, in conclusory fashion, that it is "not applicable." Plaintiff is wrong. This action challenges the alleged actions of, *inter alia*, defendant Primus, a private party and individual defendant against whom plaintiff has proffered serious allegations of sexual assault. Defendant Primus has a substantial interest in safeguarding his personal and professional reputation and character, which stand to be tarnished by plaintiff's anonymous sexual assault allegations against him. Courts routinely decline to allow plaintiffs to proceed anonymously where, as here, claims are proffered against private parties or individual defendants. *See A.B. v. C.D.*, No. 17-cv-5840 (DRH) (AYS), 2018 WL 1935999, at *3 (denying anonymity request and noting that "[t]he fifth factor seems to weigh against plaintiff as this is a suit between private parties."); *N. Jersey Media Group, Inc. v. Doe*, No. 12-cv-6152 (VM) (KNF), 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012) (denying plaintiff's anonymity request and noting that "the mere filing of a civil action against private parties may cause damage to their good name and reputation and may also result in economic harm"); *Doe v. United States Merch. Marine Acad.*, No. 18-CV-1870 (JFB)(AKT), 2018 U.S. Dist. LEXIS 67113, at *5 (E.D.N.Y. Apr. 20, 2018) (identification of an individual as alleged sexual assaulter may result in "educational and employment losses").

4

## D. Defendant Primus Will Be Prejudiced By Plaintiff Proceeding Anonymously (*Sealed Plaintiff* Factor 6)

In her motion papers, plaintiff contends that defendant Primus "should not suffer any prejudice" and "may defend this action equally as well if Plaintiff proceeded under her real name." Plaintiff is wrong again. Defendant Primus is the subject of serious allegations of sexual assault and would be severely prejudiced if he is required to defend this action while plaintiff maintains anonymity. Courts routinely deny anonymity requests under such circumstances. *See Anonymous v. Simon*, No. 13-cv-2927 (RWS), 2014 WL 819122 (S.D.N.Y. Feb. 25, 2014) (denying request to proceed anonymously in matter related to sexual encounter where, *inter alia*, the allegations would subject both plaintiff and the individual defendant to embarrassment); *Doe v. Shakur*, 164 F.R.D. at 361 (rejecting anonymity request where, *inter alia*, individual defendant accused of sexual assault "would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity.").

Defendant Primus' ability to properly defend himself in all stages of this action will be frustrated by plaintiff's anonymity. Indeed, plaintiff's anonymity will, *inter alia*: (i) prevent witnesses with knowledge relevant to the defenses at bar from coming forward, (ii) frustrate defendants' ability to fully cross-examine plaintiff; (iii) impair defendants' ability to subpoena third-parties such as potential witnesses, plaintiff's cellular telephone provider, and plaintiff's current employer or those to whom she applied as part of her mitigation efforts; (iv) disadvantage defendants in prospective settlement negotiations; and, (v) influence a jury's perspective of plaintiff and the claims and defenses at bar. *See Doe v. Delta Airlines, Inc.*, 310 F.R.D. at 225 (denying anonymity request due to, *inter alia*, concerns as to: weight a jury would give to her claims due to her anonymity, proper assessment of plaintiff's credibility, defendant's ability to rigorously cross-examine, and, to allow deeper inquiry into plaintiff's background); *Doe v. Fedcap*

5

*Rehab. Servs.*, No. 17-cv-8220 (JPO), 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018) (denying motion to proceed anonymously where, *inter alia*, individual defendant was accused of discrimination and harassment, including detailed allegations of misconduct, and holding that plaintiff's anonymity "would put Defendants at a genuine disadvantage, particularly when it comes to settlement leverage.").

The Court in *Doe v. Delta* explained these defense prejudice concerns at length, in a provision worth repeating:

> Looking ahead to the trial, the Court agrees that Delta could suffer concrete prejudice in several respects were Doe permitted to proceed pseudonymously. A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account. Moreover, the jury, armed with greater information about Doe and her professional and personal standing, will be better equipped to assess her credibility and her asserted motives for accusing Delta of battery. While Doe's profession as a lawyer could be adduced without also revealing her name, deeper inquiry into her background would, in practice, be difficult without revealing her name. Finally, allowing Doe to proceed pseudonymously would run a risk of giving her claims greater stature or dignity before, or otherwise confusing or distracting, the jury. …Were Doe permitted to proceed on a no-name basis, one or more jurors might conclude that she, for unknown reasons, merited extra-solicitous treatment. This might skew the jury's assessment of Doe's credibility and her claims.
>
> Doe also argues that her proceeding pseudonymously at trial necessarily will not deprive Delta of potential witnesses because depositions are complete. Dkt. 132, at 3. That is not so. It is conceivable that witnesses, upon the disclosure of Doe's name, will "step forward [at trial] with valuable information about the events or the credibility of witnesses." *Del Rio*, 241 F.R.D. at 159 (*citing Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596-97, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) (Brennan, J., concurring) ("Public trials come to the attention of key witnesses unknown to the parties.")).

*Doe v. Delta*, 310 F.R.D. at 225.

### E.    **Plaintiff's Identity is Known and Discernable (*Sealed Plaintiff* Factor 7)**

While plaintiff's name has been kept confidential in the instant action, as noted above and detailed more fully in the Skyline Defendants' opposition papers, plaintiff filed <u>non-anonymous</u> discrimination charges against defendants with both the Equal Employment Opportunity

6

Commission and New York State Division of Human Rights arising out of the identical facts and circumstances set forth in the instant action. Plaintiff's motion should be denied on this basis alone. *See* Dee Cert. *and* all exhibits annexed thereto, Dkt. No. 47 (evidencing that plaintiff previously disclosed, *inter alia*, her name, address, phone number, and residential information in related administrative proceedings prior to filing this suit); *Doe v. Nat'l Conference of Bar Exam'rs*, No. 16-cv-264 (PKC), 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017) (E.D.N.Y. Jan. 6, 2017) (denying request to proceed anonymously where, *inter alia*, defendants were already "fully aware of Plaintiff's identity and her status as the plaintiff in this action"); *Corley v. Vance*, No. 15-cv-1800, 2015 WL 4164377 (S.D.N.Y. June 22, 2015) (denying motion to proceed anonymously where underlying facts were already a matter of public record); *see also Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of document submitted by party as public record).

Even if this court declines to find that plaintiff has already publicly disclosed her identity via her administrative agency filings, plaintiff has disclosed numerous self-identifying details in the instant Complaint, i.e. her ethnicity, details as to her personal residence, former job title, dates of employment with the Skyline defendants, and the first and last name of a personal friend/purported witness. *See* Complaint, Dkt. No. 1, ¶¶ 7, 15, 20, 22, 38, 48. As this matter progresses it is likely additional information will be publicly disclosed via court filings and appearances that will provide further details identifying plaintiff, negating the need for her to proceed anonymously now. *See Doe v. Fedcap Rehab. Servs.*, 2018 WL 2021588, at *3 (plaintiff failed to "overcome the strong default rule that parties must proceed under their real names" where, *inter alia*, various self-identifying details were provided by plaintiff); *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (denying plaintiff's request to proceed anonymously and noting that "the plaintiff's interest in anonymity is weaker where anonymity has already been compromised").

**F.     Public Interest Weighs in Favor of Disclosure of Plaintiff's Identity and her Complaint Implicates Litigant-Specific Fact Findings (*Sealed Plaintiff* Factors 8 – 9)**

Plaintiff's assertions that this action is an "exception to the rule that the public has an interest" and that "there is a weak public interest in revealing Plaintiff's name" because this action does not involve the government are baseless.  It is well-established that the public has a right to access judicial proceedings and has an inherent interest in litigation particularly where, as here, the action requires substantial litigant-specific factual determinations.  Plaintiff's failure to proffer <u>any</u> basis on which her anonymity request trumps the public's interest in this action demonstrates that this factor weighs in favor of the defendants.  *See Doe v. Bausch & Lomb, Inc.*, No. 18-cv-00352 (VLB), 2018 WL 2248418, at *3 (D. Conn. May 16, 2018) (denying anonymity request and noting that "[l]itigation is quintessentially public and public disclosure is in general an inherent collateral consequence of litigation"); *Michael v. Bloomberg L.P.*, 2015 WL 585592, at *4 (denying plaintiff's anonymity request and citing the public's "traditional right of access to judicial proceedings"); *N. Jersey Media Grp., Inc. v. Doe*, 2012 WL 5899331, at *9 (denying plaintiff's request to proceed anonymously where the action involved "fact-findings specific to the litigants" and "open proceedings will benefit the public and the litigation, as well as serve the judicial interest in accurate fact-finding and fair adjudication.").

**G.     Alternative Mechanisms for Protecting Plaintiff's Confidentiality Exist (*Sealed Plaintiff* Factor 10)**

Notwithstanding plaintiff's claim that she is "not aware of any other mechanism for protecting the confidentiality of plaintiff", alternative mechanisms for addressing her confidentiality concerns exist.  These mechanisms include but are not limited to: redaction of sensitive information, seeking leave to file under seal certain sensitive or private information, a confidentiality agreement executed by the parties, and/or a Court-ordered protective order.  The

existence of these proposed alternatives negates any need for plaintiff to proceed anonymously in this action in order to protect her confidentiality. *See Doe v. United States*, 2017 WL 2389701, at *2 (denying anonymity request where the "adequacy of alternative mechanisms" for protecting plaintiff's confidentiality weighed against anonymity); *Anonymous v. Medco Health Solutions, Inc*., 588 F. App'x 34, 35 (2d Cir. 2014) (affirming the determination that redaction and sealing of documents are viable alternatives to a plaintiff proceeding anonymously).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court deny plaintiff's motion to proceed anonymously.

**Dated:**   New York, New York
            September 11, 2018

          **Respectfully submitted,**

          **WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By:   /s/ Alexandra C. Manfredi
      Alexandra C. Manfredi
      Attorneys for Defendant Kevin Primus
      150 East 42nd Street
      New York, New York 10017-5639
      (212) 490-3000
      File No.: 14089.00103

To:  All parties of record (via ECF)