USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JANE DOE,

                          **Plaintiff**,

          -against-

SKYLINE AUTOMOBILES INC., *individually and d/b/a* TOYOTA OF MANHATTAN, FREDDY VELEZ, *individually*, KEVIN PRIMUS, *individually*, and ANTHONY NAMIAS, *individually*,

                        **Defendants.**
------------------------------------------------------------- x

18-CV-4418 (ALC)

<u>OPINION & ORDER</u>

**ANDREW L. CARTER, JR., District Judge:**

### INTRODUCTION

Plaintiff brings this action against her former employer and former coworkers alleging sexual harassment, sexual abuse, and discrimination. The Complaint contains graphic and disturbing details of violence and allegations of severe mistreatment. Plaintiff's allegations are not taken lightly by this Court. At this time, Plaintiff moves to proceed anonymously. It is Plaintiff's desire to litigate this case under a pseudonym in an effort to protect herself from future harms including retaliation and emotional distress.

In deciding a motion to proceed anonymously, a court must balance the interest of the plaintiff with the interests of both the defendants and the public. The general public enjoys a common law right of access to judicial proceedings, and thus, the burden a plaintiff must satisfy in order to proceed under confidentially is exacting. Without ruling on the merits of Plaintiff's case moving forward, an analysis of the submissions by the Parties indicates that Plaintiff has failed to meet the burden required by law. Thus, Plaintiff's instant Motion to Proceed Anonymously is denied.

# OPINION

Plaintiff Jane Doe (hereinafter, "Plaintiff") brings this action against Defendants Skyline Automobiles ("Skyline"), doing business as Toyota of Manhattan, Freddy Velez, Kevin Primus, and Anthony Namias (collectively, "Defendants") alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and New York state law. Plaintiff's Complaint also alleges assault and battery, aggravated sexual abuse, and gender motivated violence against Defendant Primus.

## PROCEDURAL HISTORY

Plaintiff filed her Complaint on May 17, 2018. ECF No. 1 ("Compl."). Shortly thereafter, Plaintiff filed her First Motion for Confidentiality for Plaintiff to Proceed Anonymously. ECF Nos. 16-17 ("Pl. Mot."). On September 11, 2018, Defendants Skyline, Velez, and Primus filed their respective Memorandums of Law in Opposition to Plaintiff's Motion for Confidentiality. ECF Nos. 47-48. Plaintiff filed her Reply to Defendants' Opposition on September 17, 2018.[1] ECF No. 49 ("Pl. Rep."). Plaintiff's Motion is deemed fully briefed. After careful consideration, Plaintiff's Motion for Confidentiality is hereby **DENIED**.

## BACKGROUND

Plaintiff alleges that in July of 2013 she was drugged and brutally raped by Defendant Primus. Compl. ¶¶ 23-25. According to her Complaint, "she yelled at Defendant PRIMUS to stop, but [he] did not listen ... and continued to sexually assault Plaintiff." *Id.* ¶ 24. Plaintiff "tried with her weak, drugged body" to stop the assault, but the drugs depleted her energy and she was unable to "fight Defendant PRIMUS off." *Id.* Plaintiff claims that that she fell unconscious during the attack and was violently ill the next morning. *Id.* at 26.

---

[1] Since the filing of Plaintiff's Motion, the Parties have participated in Mediation. ECF No. 41; *see* Docket Entry on 1/16/2019.

2

Following the assault, Plaintiff alleges that she was forced to endure sexual harassment by way of vulgar propositions and offensive comments. *Id.* ¶¶ 28-43. Plaintiff claims Defendant Primus repeatedly asked her what she was wearing, constantly referred to her body in inappropriate ways, and attempted to convince her to have sex with him again, both in person and via text message. *Id.* ¶¶ 28-36. Additionally, Plaintiff alleges that Defendant Namias also sexually harassed her via unwarranted and sexually explicit statements during the course of business. *Id.* ¶¶ 39-43. Despite Plaintiff's objections, Defendant Namias persisted. *Id.* ¶ 40.

In addition to claims of sexual harassment, sex discrimination, and sexual assault, Plaintiff's Complaint also contains allegations of race-based discrimination. *Id.* ¶¶ 44-46. Plaintiff claims that she was chastised for her accent and verbally attacked due to her Indian descent. *Id.* Her constant objection to the sexual and racial discrimination as well as the sexual harassment led Defendants to retaliate against her by wrongfully terminating her employment. *Id.* ¶¶ 47-48. Due to the humiliation and degradation Plaintiff has and allegedly will continue to endure, Plaintiff now seeks to proceed anonymously. *See* Pl. Mot.

## STANDARD OF REVIEW

In general, "[t]he title of a complaint must name all the parties." Fed. R. Civ. P. 10(a). Animating Rule 10(a) is the "public's common law right of access to judicial proceedings," which is a right "supported by the First Amendment." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015) (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006)). Despite the presumption that parties are to proceed under their respective names, it is within a court's discretion to allow plaintiff to proceed anonymously." *Delta*, 301, F.R.D. at 224 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996)). Courts have "carved out a limited number of exceptions to the general requirement of disclosure ... which permit plaintiffs to proceed

3

anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). In considering a motion to proceed anonymously, "[t]he interests of both the public and the opposing party" should be taken into account by way of a series of non-exhaustive factors promulgated in *Sealed Plaintiff*:

> "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party seeking to proceed anonymously ...; (3) whether identification presents other harms and the likely severity of those harms ...; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure ... particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identify has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identifies; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff ..."

*Sealed Plaintiff*, 537 F.3d at 189-90 (internal quotations and citations omitted). However, a plaintiff seeking anonymity must base their allegations on more than just "mere speculation." *United States v. UCB, Inc.*, 14-2218, 2017 WL 838198, *3 (S.D.N.Y. 2017).

## DISCUSSION

### I. Matters of a Highly Sensitive and Personal Nature (*Sealed Plaintiff* Factor One)

The first *Sealed Plaintiff* factor seeks to discern "whether the litigation involves matters that are highly sensitive and of a personal nature." *Sealed Plaintiff*, 537 F.3d at 190. Courts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature. *See North Jersey*

4

*Media Group, Inc. v. Doe Nos. 1-5*, No. 12-6152, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012) (internal quotations omitted). Courts have also indicated that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym. *See Doe v. Shakur*, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996) (collecting cases).[2] Further, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Abdel-Razeq v. Alvarez & Marsal, Inc.*, 14-5601, 2015 WL 7017431, *3 (S.D.N.Y. Nov. 12, 2015).

Here, Plaintiff claims that she was drugged by a co-worker, sexually assaulted while unconscious, and subject to ridicule and sexual harassment following the incident. *See* Compl. Further, her Complaint alleges that after the incident, the alleged perpetrator continued to sexually harass her. *Id.* Her objections did not cease the harassing activity and unwarranted conduct. Rather, the Complaint alleges that her constant refusal to adhere to her assailant's whims led to a retaliatory firing. *Id.* These allegations are highly sensitive and of an extremely personal nature to the Plaintiff. However, the first factor itself is not dispositive, and the other factors must be taken into consideration and analyzed in comparison to the public's interest and the interests of the opposing parties.

## II. Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm (*Sealed Plaintiff* Factors Two and Three)

The second *Sealed Plaintiff* factor urges courts to consider "whether identification poses a risk of retaliatory physical or mental harm to the ... party seeing to proceed anonymously ..." *Sealed Plaintiff*, 537 F.3d at 190. The third *Sealed Plaintiff* factor assesses "whether identification presents other harms and the likely severity of those harms ..." *Id.* Courts in this

---

[2] Although *Shakur* was decided 12 years before the ten-factor test was promulgated in *Sealed Plaintiff*, courts continue to cite *Shakur* for the proposition indicated. *See* 164 F.R.D. 359.

5

District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity. *See Michael v. Bloomberg L.P.*, No. 14-2657, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015). Additionally, prior knowledge of a plaintiff's identity by the defendants weighs against granting a motion to proceed anonymously. *See Doe v. United States*, No. 16-7256, 2017 WL 2389701 (S.D.N.Y. June 1, 2017). Moreover, some courts have suggested that a plaintiff should submit medical documentation to support the alleged harm they will suffer if they were not permitted to proceed anonymously. *Doe v. New York*, 2016 U.S. Dist. LEXIS 1634, at *7 (S.D.N.Y. Feb. 4, 2016).

Here, Plaintiff's claims as they relate to the second and third factor consist exclusively of conclusory statements and speculation. *See* Pl. Mot. at 2. Plaintiff states that "for all of her colleagues and acquaintances to know that she was so badly sexually abused would only serve to further victimize Plaintiff." *Id.* Further, Plaintiff claims that "revealing her true identity would only add to her emotional distress." *Id.* at 3. Plaintiff submits no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm. Plaintiff simply projects generalized harm, and more is required for her to satisfy her burden. Thus, the second and third factor weigh against granting Plaintiff's Motion.

### III. Vulnerability and Age of Plaintiff (*Sealed Plaintiff* Factor Four)

The fourth *Sealed Plaintiff* factor requires courts to determine "whether the plaintiff is particularly vulnerable to the possible harms of disclosure ... particularly in light of [her] age." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff provides no evidence that her age makes her particularly vulnerable to the possible harms of disclosure. *See* Pl. Mot. Hence, the fourth factor does not support Plaintiff's request to proceed anonymously.

## IV. Government Action or Private Action (*Sealed Plaintiff* Factor Five)

The fifth factor looks at "whether the suit … challeng[es] the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. Suits against the government "involve no injury to the Government's reputation." *North Jersey*, 2012 WL 5899331, at *7. On the other hand, suits against private parties "may cause damage to their good names and reputations," among other things. *Id.* Thus, courts are less inclined to allow Plaintiff's to proceed anonymously in private party cases. *Id.*

Here, although Plaintiff states factor five is inapplicable, the Defendants in this case are all private parties. Pl. Mot. at 3; *see* Compl. Defendants have a substantial interest in maintaining their good name and reputation, particularly in light of the allegations in Plaintiff's Complaint. Therefore, the fifth factor is applicable and weighs in favor of denying anonymity.

## V. Scope, Extent, and Possible Mitigation of Prejudice to Defendant (*Sealed Plaintiff* Factor Six)

Sixth, courts are to analyze prejudice. *See Sealed Plaintiff*, 537 F.3d at 190. Specifically, "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Id.* Information and allegations that are highly sensitive and of a personal nature can flow both ways. *See Anonymous v. Simon*, 13-cv-2927 2014 WL 819122, at *2 (S.D.N.Y. March 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.") Further, Courts have identified prejudice against a defendant when a defendant is "required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity." *Delta*, 310 F.R.D. at 225 (internal quotations omitted); *see also North Jersey*, 2012 WL 5899331, at *8. The ultimate question is one of balance, and courts only "allow

7

such an imbalance ... in unique circumstances." *See Doe v. Fedcap Rehabilitation Services, Inc.*, 2018 WL 2021588, at *3 (S.D.N.Y. April 27, 2018).

Here, Plaintiff claims that "Defendants should not suffer any prejudice from Plaintiff proceeding anonymously." Pl. Mot. at 3. Defendants counter by claiming that they would be disadvantaged throughout discovery and trial. Primus Mem. Opp. at 9, ECF No. 48 ("Primus Opp."); Skyline Mem. Opp. at 14, ECF No. 47 ("Skyline Opp."). Defendants claim that allowing Plaintiff to proceed anonymously will deter witness testimony, "frustrate defendants' ability to cross-examine," hinder settlement negotiations, and improperly influence the jury. *See id.* "Our system of dispute resolution" causes the balance of this factor to weigh in favor of Defendants. *Fedcap*, 2018 WL 2021588, at *3. Allowing Plaintiff to proceed anonymously would disadvantage Defendants at all stages of litigation, including settlement, discovery, and trial. Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff. For those reasons, the sixth *Sealed Plaintiff* factor weighs in favor of Defendants.

### VI.  Status of Confidentiality in the Proceedings (*Sealed Plaintiff* Factor Seven)

The seventh *Sealed Plaintiff* factor inquires as to the status of a plaintiff's confidentiality thus far in the litigation. *See Sealed Plaintiff*, 537 F.3d at 190. If a plaintiff's confidentiality has not been maintained throughout the proceedings, there is less of a risk of harm should the plaintiff not be permitted to proceed under a pseudonym. Some courts have indicated that if the identity of a plaintiff was previously disclosed in judicial or administrative proceedings, then the request to proceed anonymously should be denied. *See Doe v. National Conference of Bar Examiners*, 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017).

Here, it is clear from the moving papers that Defendants already know Plaintiff's identity. *See* Primus Opp.; Skyline Opp. Furthermore, Plaintiff admits that, upon filing her EEOC complaint in which her name and contact information was disclosed, she wanted to afford Defendants an "opportunity to investigate the allegations at the EEOC stage." Pl. Rep. at 3. Plaintiff now claims that the risks of physical and emotional harm as well as retaliation will increase should the public be made aware of her identity, without citing any evidence to support that fear of harm from the general public. Thus, because of the disclosure of Plaintiff's identity to Defendants through various administrative proceedings, as well as the lack of evidence corroborating the alleged risk of harm and retaliation from the general public, the seventh factor weighs against allowing Plaintiff to proceed anonymously.

### VII. Public Interest in Litigation Furthered by Disclosure and Nature of the Issues (*Sealed Plaintiff* Factors Eight and Nine)

Eighth, *Sealed Plaintiff* directs courts to balance competing interests and determine "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." *Sealed Plaintiff*, 537 F.3d at 190. Subsequently, the ninth factor suggests that if the issues presented are "purely legal in nature," generally there is an atypically weak public interest in knowing the litigants' identifies." *Id.* "Where the litigation involves, not abstract challenges to public policies, but rather ... particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *North Jersey*, 2012 WL 5899331, at *8.

Here, there are no abstract questions of law at issue. Rather, Plaintiff alleges that she was sexually assaulted, sexually harassed, and subject to sexual and racial discrimination. *See* Compl. These issues are of the type that "further the public's interest in enforcing legal and social norms." *North Jersey*, 2012 WL 5899331, at *8. Any analysis and litigation in this case will be

9

factual in nature, and the public interest in sexual assault and discrimination is very high. Thus, due to the nature of the case, the eighth and ninth factor weigh against allowing the Plaintiff to proceed anonymously.

**VIII.     Alternative Mechanisms for Protecting Confidentiality**

Finally, in consideration with the previous nine factors, courts are to determine "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff ..." *Sealed Plaintiff*, 537 F.3d at 190. There are multiple other ways a plaintiff's interests can be protected, including the redaction of documents and sealing. *See Doe*, 2017 WL 2389701, at *2. Further, Plaintiff could seek a protective order, or the parties could enter a confidentiality agreement. Due to the existence of alternate means of protecting Plaintiff from the alleged future harms, the final factor weighs against allowing Plaintiff to proceed anonymously.

## CONCLUSION

Plaintiff's allegations of sexual assault, sexual harassment, and discrimination are highly sensitive and of a personal nature. Plaintiff's desire to proceed anonymously is understandable, and that desire is one that unfortunately prevents many victims of sexual violence from sharing their story and seeking justice for the harms inflicted upon them. Although Plaintiff's allegations are highly sensitive and of a personal nature, in this case, *Sealed Plaintiff* factors two through ten either fail to support or weigh against granting Plaintiff's Motion. Thus, Plaintiff has failed to satisfy her burden. For the aforementioned reasons, Plaintiff's Motion for Confidentiality is hereby **DENIED**.

**SO ORDERED.**

Dated:　　March 21, 2019
　　　　　New York, New York

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　ANDREW L. CARTER, JR.
　　　　　　　　　　　　　　　**United States District Judge**